# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

CHRISTOPHER BELL                    CIVIL ACTION NO. 14-0555-P

VERSUS                              JUDGE FOOTE

WARDEN SUMLIN                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Christopher Bell ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on March 14, 2014.  Petitioner is incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana.  He challenges his state court convictions and sentences.  He names Warden Johnny Sumlin as respondent.

On February 11, 2009, Petitioner pleaded guilty to two counts of carnal knowledge of a juvenile in Louisiana's Second Judicial District Court.  On April 8, 2009,  Petitioner was sentenced to a total of nine years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) the original plea offer of five years should be interpreted as a contract and irrevocable, and (2) he received ineffective

assistance of counsel because his attorney gave him erroneous information regarding the plea agreement.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty on February 11, 2009.  He was sentenced on April 8, 2009. Petitioner did not seek direct review of his convictions and sentences.  Thus, his convictions and sentences became final on May 8, 2009, when the delay for filing for an appeal expired and no appeal was filed.  See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on March 14, 2014, and signed by Petitioner in March 2014.  Since the federal clock began ticking on May 8, 2009 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before May 8, 2010.  This petition was not filed until March 2014 at the earliest, more than three years too late.

In addition, the state post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1.  Petitioner claims he filed a motion to vacate sentence on relief on May 8, 2012.  Review of this motion continued until the Supreme Court of Louisiana denied writs of review on March 8, 2013.  To toll the federal limitation period, a

petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file his motion to vacate sentence until May 8, 2012, which was after the limitation period had already expired on May 8, 2010.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  See <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 20th day of June, 2014.

Mark L. Hornsby
U.S. Magistrate Judge